# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROSEMARIE STUMPF** ) | |
| ) | Hon. Garrett E. Brown, Jr. |
| v. ) | Chief U.S.D.J. |
| ) | Docket No. 03-CV-03540 |
| **NEIL R. GARVEY, et al.** ) | (GEB)(DEA) |
| ) | |
| **(IN RE TYCOM LTD. SECURITIES** ) | |
| **LITIGATION)** ) | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order of this Court, dated May 6, 2010, on the application of the Settling Parties for approval of the Settlement set forth in the Settlement Agreement and Release dated as of March 26, 2010 (the "Settlement Agreement"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class who did not timely file a request for exclusion from the Class by the October 1, 2009 deadline pursuant to the Court's Order dated May 19, 2009.

3. The distribution of the Notice and the publication of the Summary Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notices, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 27(a)(7) of the Securities Act of 1933, Section 21D(a)(7) of the Securities and Exchange Act of 1934, the requirements of Due Process, and any other applicable law.

4. The Court finds that the Settling Defendants have provided notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711 et seq.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiff, the Class and each of the Class Members. This Court further finds the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, Class Members and the Settling Defendants. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Settlement Agreement.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto), who pursuant to the Notice of Pendency of Class Action, timely requested exclusion from the Class before the October 1, 2009 deadline, the Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

7. Upon the Effective Date, the Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have,

fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

8.  The Non-Settling Defendants and any other Person, including but not limited to any other person or entity later named as a defendant or third-party in the Action, are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for contribution or indemnification against the Released Persons (or any other claim against the Released Persons where the injury consists of actual or threatened liability to the Lead Plaintiff, the Class or any Class Member(s), including but not limited to any amounts paid in settlement of such actual or threatened liability, and any other costs or expenses, including attorneys' fees) based upon the Released Claims and/or the Action, whether as claims, cross-claims, counterclaims, third-party claims or otherwise, whether or not asserted in the Complaint, and whether asserted in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other tribunal or forum in the United States or elsewhere, provided, however, that a Non-Settling Defendant shall not be barred from pursuing claims against Tyco or TyCom for indemnification in connection with the Action to the extent of such Non-Settling Defendant's contractual or statutory rights.

168499-1                                  4

9. The Released Persons are hereby permanently barred, enjoined and restrained from commencing, prosecuting or asserting against the Non-Settling Defendants and any other Person, including but not limited to any other person or entity later named as a defendant or third-party in the Action, any claim for contribution or indemnification (or any other claim where the injury to such Released Person(s) is any Person's actual or threatened liability to the Lead Plaintiff, the Class or any Class Member(s), including but not limited to any amounts paid in settlement of such actual or threatened liability, and any other costs or expenses, including attorneys' fees) based upon the Released Claims and/or the Action, whether as claims, cross-claims, counterclaims, third-party claims or otherwise, whether or not asserted in the Complaint, and whether asserted in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other tribunal or forum in the United States or elsewhere, provided, however, (a) that Tyco and TyCom shall not be barred from pursuing (i) claims against a Non-Settling Defendant for defense fees and costs incurred in defense of claims asserted against Tyco, TyCom and/or any Settling Defendant in the Action or (ii) claims against a Non-Settling Defendant asserted by Tyco and/or TyCom as of the date of this Settlement and (b) that nothing in this Stipulation or otherwise shall be deemed to release or affect any indemnification or contribution claims and/or rights between or

168499-1

5

among the Underwriter Defendants, Tyco and TyCom relating to the IPO, including those arising under (i) the Underwriting Agreement for the IPO dated July 26, 2000, and (ii) the Agreement Among Underwriters for the IPO dated July 26, 2000.

10.  The Court shall reduce a future verdict or judgment entered against the Non-Settling Defendants with respect to the Action for any claims as to which the Non-Settling Defendants' rights have been extinguished by virtue of the bar order contained in ¶ 8 of this Order by such amount determined by the Court under applicable law.

11.  Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiff, each and all of the Class Members and Plaintiff's Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

12.  Any further orders or proceedings solely regarding the Plan of Allocation shall in no way disturb or affect this Judgment and shall be separate and apart from this Judgment.

13.  Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance

of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Settling Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Settlement Agreement and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement.

15. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of

168499-1                                      7

Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

17. The Court hereby **GRANTS** Lead Counsel attorneys' fees of $33 \frac{1}{3}$ % of the Settlement Fund and expenses in an amount of $2,326,340, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. Said fees shall be allocated by Lead Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Action. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for

168499-1                                          8

the Class.

18. The Court hereby **GRANTS** Lead Plaintiff reimbursement of his reasonable costs and expenses (including lost wages) directly related to his representation of the Class in the amount of $ 5,000.00.

19. The awarded attorney fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Settlement Agreement and in particular ¶6.2 thereof, which terms, conditions, and obligations are incorporated herein.

20. The Court expressly determines that there is no just reason for delay in entering this Judgment and directs the Clerk of the Court to enter this Judgment pursuant to Fed. R. Civ. P. 54(b).

DATED: August 25, 2010

_____
The Honorable Garrett E. Brown, Jr. United States District Judge

168499-1                                    9